# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **BAMBI WHITE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: 4:11-CV-3489-VEH** |
| | ) |
| **LAKESIDE PROPERTY** | ) |
| **MANAGEMENT LLC, d/b/a Val** | ) |
| **Monte Lakeside Resort & Marina,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

**I.   Introduction and Procedural History**

Plaintiff Bambi White ("Ms. White") initiated this Fair Labor Standards Act ("FLSA") case against Defendant Lakeside Property Management, LLC ("Lakeside") on September 27, 2011. (Doc. 1 at 1). The court file reflects that service of the summons and complaint was perfected on Lakeside by way of an alias summons issued c/o Eric Burkhalter, who was personally served on March 6, 2012, at the Floyd County Education Center, 1910 Morrison Campground Road, Rome, Georgia 30161. (Doc. 15 at 1, 2).

On April 9, 2012, the clerk entered a default (Doc. 18) due to Lakeside's failure to respond to Ms. White's complaint after being duly served. (*Id.* at 1). Pending

before the court is a Motion for Default Judgment (the "Motion") (Doc. 19) filed by Ms. White on April 20, 2012. The Motion seeks to have a default judgment entered by the court against Lakeside and "to set this matter for a hearing on damages."[1] (*Id.* at 11).

On April 23, 2012, the court entered an order (Doc. 20), requiring Lakeside to show cause no later than 20 days from the entry date of the order (*i.e.*, May 14, 2012), why the Motion should not be granted. This show cause deadline has passed, and no legally adequate response to the order has been filed by Lakeside.[2]

## II.   Standard on Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). However, entry of default under Rule 55(a) does not entitle a party to his requested relief. Either the clerk or the court must enter a default judgment under

---

[1] Ms. White has demanded a jury trial. (Doc. 1 at 9).

[2] The court acknowledges receipt of the unsigned letter dated April 26, 2012, which apparently was sent by a non-lawyer named "Val-Monte" in response to the show cause order. Such a document fails to demonstrate good cause why the Motion should not be granted and constitutes the unauthorized practice of law as an entity (unlike an individual) may not defend itself in a lawsuit without retaining legal counsel.

2

Rule 55(b). Here, the court, and not the clerk, acts pursuant to Rule 55(b)(2).

Generally, the entry of a default judgment is committed to the discretion of the district judge. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).[3] The factual allegations of a well-pleaded complaint are taken as true; hence, the court must decide if these accepted facts state a cause of action for which relief can be granted. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1987); *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment entered.") (footnote omitted); *Descent v. Kolitsidas,* 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) (same). When the amount of damages due is uncertain, an evidentiary hearing is often required to determine the sum the defaulting defendant must pay. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005). On the other hand, if a specific sum is sought, a hearing may not be necessary.

As explained by Judge William H. Steele of the United States District Court for the Southern District of Alabama regarding default judgments:

> <u>The law is clear, however, that Lacey's failure to appear and the Clerk's subsequent entry of default against her do not automatically entitle plaintiffs to a default judgment.</u> Indeed, a default is not "an

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

>absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla.2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

*Virgin Records America, Inc. v. Lacey*, 510 F. Supp. 2d 588, 591-92 (S.D. Ala. 2007) (emphasis added).

## III.  Analysis

The court has reviewed the complaint and it appears that Ms. White has averred sufficient facts that, due to their admission as a result of Lakeside's failure to appear after being duly served, judgment is due to be entered in favor of Ms. White as to liability. More specifically, in her complaint, Ms. White alleges that Lakeside "owns and operates Val Monte Lakeside Resort & Marina in Guntersville, Alabama[,]" (the "Resort") and that it is "a covered entity with regard to the minimum wage and overtime provisions of the FLSA." (Doc. 1 ¶¶ 4, 3).

Ms. White also asserts that "from April 2010 to on or about August 13,

2010[,]" Lakeside employed her as a front desk clerk at the Resort. (Doc. 1 ¶¶ 5, 6). She further maintains that during her tenure as a Lakeside employee, she "was classified as non-exempt under the FLSA" and "regularly worked more than forty hours per week." (Doc. 1 ¶¶ 8, 7).

Although Ms. White originally received overtime pay, this practice changed "in or around June of 2010" when one of Lakeside's owners, Walt Busby ("Mr. Busby") "directed [her] to create a form for [Lakeside]'s employees . . . to sign waiving their right to overtime pay." (*Id.* ¶¶ 11, 15). Ms. White drafted the form as instructed and then she and the other Lakeside employees signed the waiver. (*Id.* ¶¶ 16, 17).

On more than one occasion, Ms. White raised concerns about and challenged this change in compensating staff as a violation of the FLSA. (Doc. 1 ¶¶ 13, 27). Ms. White also objected to being switched from hourly to a salary-based status. (*Id.* ¶¶ 21, 33).

Subsequently, on July 8, 2010, Ms. White received a disciplinary action from Cory Spurlin ("Mr. Spurlin"), Lakeside's General Manager, which she contends "was based on false and pretextual grounds." (*Id.* ¶¶ 35, 36). Mr. Spurlin was one of the managers who Ms. White had notified about the overtime waiver practice implemented by Mr. Busby. (*Id.* ¶ 26).

Mr. Spurlin then discharged Ms. White on August 10, 2012, per Mr. Busby's decision. (*Id.* ¶¶ 37, 38). Mr. Spurlin's "reason given [for the separation] was so that [Ms. White] could spend time with her ailing mother." (Doc. 1 ¶ 39). Ms. White disagreed and "told Spurlin that she needed her job and asked not to be terminated." (*Id.* ¶ 40).

The complaint contains one FLSA count for Ms. White's unpaid wages (Doc. 1 ¶¶ 41-50) and a second one for retaliatory discharge. (*Id.* ¶¶ 52-56). Ms. White's requested relief includes lost overtime compensation with interest, liquidated damages for Lakeside's willfulness, a permanent injunction, frontpay, backpay, attorneys' fees, and costs. (Doc. 1 ¶¶ 50, 51(i)-(iii); *id.* ¶¶ 55, 56(i)-(iv)).

The court finds based upon the admitted allegations contained in Ms. White's complaint (Doc. 1) that Lakeside violated the FLSA by failing to pay her overtime compensation and by illegally discharging her from employment on the basis of her protected activity under the FLSA. See 29 U.S.C. § 215(a)(3) ("[I]t shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . [.]"). Because Ms. White has demanded a jury trial (Doc. 1 at 9), and because the damages are not "for a sum certain or a sum that can be made certain by computation," *see* Fed. R. Civ. P.

6

55(b)(1), the case will be set for a jury trial, as to damages only.

## IV.   Conclusion

Accordingly, the Motion is due to be granted with leave for Ms. White to prove her damages at trial to a jury.  By separate order, the court will set this case for a jury trial solely on the issue of damages.[4]  The court also will enter a separate order of partial final judgment under Rule 54(b).

**DONE** and **ORDERED** this the 30th day of May, 2012.

                                                                        */s/ Virginia Emerson Hopkins*
                                                     **VIRGINIA EMERSON HOPKINS**
                                                     United States District Judge

---

[4]  The court notes that Ms. White has asked that the court to "withhold setting of the requested hearing on damages" (Doc. 23 at 2 n.1) in light of her efforts to add Mr. Busby as a co-defendant to her lawsuit.  (*Id.* ¶ 2).